9439

SUTTON v. CATAWBA POWER CO.

(89 S. E. 353.)

LIMITATION OF ACTIONS—CONTINUING TORT.—Flooding land by the erection of a dam is a continuing tort, so that a cause of action for damages therefrom is not barred if brought more than six years after the construction or the first damage caused by the construction.

Before BOWMAN, J., York, February, 1916.    Affirmed.

Action by A. E. Sutton against the Catawba Power Company. From a judgment for plaintiff, defendant appeals.

See opinion on former appeals in 70 S. C. 266, 49 S. E. 863; 76 S. C. 320, 56 S. E. 966, and 101 S. C. 154, 85 .S. E. .409.

*Messrs. Osborne, Cocke & Robinson, Wilson & Wilson,* and *McDonald & McDonald,* for appellant.

*Messrs. McDonald & McDonald* cite: *Erection of dam not a trespass nor nuisance:* 37 S. C. 335; 95 S. C. 271. *One action for damages:* Jones Easements, sec. 527; 8 A. & E. Enc. of L. 677-9; Gould, Waters, sec. 416; 2 Farnham, Waters, sec. 589; 4 Sutherland, Damages, secs. 1063-4, 1067-8, 1090; 1 *Id.,* secs. 106, 110, 116; 112 Mass. 334; 17 Am. Rep. 106; 55 Iowa 652; 24 Am. Rep. 792; 11 S. W. 703; 136 Ky. 319; 136 Am. St. Rep. 256. *Statute of Limitations:* 52 Ark. 240; 20 Am. St. Rep. 174; 91 Kan. 40; 136 Pac. 899; 40 L. R. A. (N. S.) 388; 150 N. W. 674; 92 Ark. 406; 135 Am. St. Rep. 193; 8 A. & E. Enc. of L. (2d ed.) 684; 118 N. C. 996; 32 S. E. 379; 69 Am. Dec.

253; 100 Am. Dec. 642; 128 Am. St. Rep. 959; 124 Ga.
365; 52 S. E. 539; 52 Ark. 240; 6 L. R. A. 804; 20 Am.
St. Rep. 174; 99 Ala. 24; 14 L. R. A. 462; 167 Ill. 267;
47 N. E. 206; 103 Ind. 314; 2 N. E. 821; 53 Am. St. Rep.
124; 71 Neb. 444; 98 N. W. 1052; also, 106 Va. 461;
10 L. R. A. (N. S.) 465; 46 W. Va. 151; 76 Am. St. Rep.
806; 46 Am. Dec. 150; 118 Ill. 203; 59 Am. Rep. 341.
*Remedy under State for taking:* 95 S. C. 268; 134 Ga. 201;
19 Idaho 595; 115 Pac. 682; 112 Md. 416; 21 Ann. Cas.
357; 76 Atl. 254; 31 Okla. 710; 122 Pac. 1102; 123 Tenn.
584; 133 S. W. 1105; 83 Vt. 548; 77 Atl. 862; 83 Atl. 332;
57 Wash. 420; 107 Pac. 199; 73 S. E. 86; 229 Pa. 480;
38 L. R. A. (N. S.) 1040; Cooley, Const. Lim. 675; 113
Tenn. 89; 106 Am. St. Rep. 810; 197 Pa. 529; 80 Am. St.
Rep. 850; 15 L. R. A. (N. S.) 49; 13 Wall. 156; 47 S. C.
485; 47 S. C. 464.   *Continuous trespasses:* 129 Iowa 465;
3 L. R. A. (N. S.) 973; 113 Am. St. Rep. 483; 101 S. C.
154; 76 S. C. 320; 120 S. C. 447.

*Messrs. Hart & Hart* and *J. S. Brice,* for respondent,
submit: *The case at bar is not ruled by the Leitzsey and
Nunnamaker cases:* 47 S. C. 464-485, 485-486; 22 Stats.
92, 102; 23 Stats. 935; Civil Code 1902, sec. 1895; *Id.* 1912,
2852; 66 S. C. 441; 77 S. C. 167; 23 Stats. 207.   *The case
at bar is ruled by the Wallace and Lawton cases:* 37 S. C.
335-345; 75 S. C. 82-85; 84 S. C. 311.   *The construction
placed by Mr. Justice Fraser, who wrote the leading opin-
ion, upon the act granting permission for the construction
of the dam at Indian Hook Shoals, in Catawba River,
approved March 2, 1899, 23 Stats., 207, was the correct
construction:* 101 S. C. 156-157.   *The objection to a mul-
tiplicity of suits confers no right upon a defendant, and
there has been here no multiplicity of suits,* and cite: *As to
sufficiency of complaint:* 8 S. C. 104; 56 S. C. 245; 65 S. C.
40; 70 S. C. 277.

July 3, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages to the lands of the plaintiff, alleged to have been caused by the erection of a dam across the Catawba River, a navigable stream.

It is admitted by counsel that the dam was built, by authority of the General Assembly of South Carolina, in 1904, and that it is a permanent structure.

The complaint thus describes the manner in which the lands in question were damaged:

"That the large volumes of water stored by the said dam were and are diverted from their natural and proper channel, and were and are thrown upon and against the said lands, in much greater force and volume than they otherwise would have been, and would be; and, during the six years next before the commencement of this action, have continually undermined the embankments and washed away the same, thus subjecting the lands to the full destructive force of the floods. * * *"

The defendant interposed the defense that the cause of action accrued more than six years before the commencement of this action, and is therefore barred by the statute of limitations.

There was testimony to the effect that the injuries to the said lands commenced in 1905, and continued until the commencement of this action, on the 21st of July, 1913.

At the close of the testimony, the defendant made a motion for a direction of a verdict, on the following grounds:

"That the undisputed testimony shows that the alleged damage, if any, to plaintiff's land, arose from the construction of a dam across Catawba River, which dam was erected by legislative authority, and that the dam is a permanent structure, and that the undisputed proof shows that the plaintiff's cause of action arose more than six years before

the commencement of this action, and that she is therefore barred by the statute of limitations. The undisputed testimony shows that the damages * * * after the erection of the dam began in June or July, 1905, and her cause of action arose at that time, for all damages, past, present, and prospective."

The refusal of this motion is made the basis of the appeal.

The statute of this State adopted in 1899 (23 statutes 207) authorizing the building of said dam contains the following proviso:

"Provided, That said corporation shall be liable for all damages caused by building said dam."

The general rule is thus stated in 21 Enc. of Law 724:

"Since every continuance of a nuisance is a new nuisance, authorizing a fresh action, an action may be brought, for the recovery of all damages, resulting from the continuance of a nuisance, within the statutory period of the statute of limitations, for which no previous recovery has been had, even though the original cause of action is barred, unless the nuisance has been so long continued, as to raise the presumption of a grant, or in case of injury to real property, unless the plaintiff's right of entry is barred. But when the injury is of such a nature, that all the damages resulting therefrom, whether past or prospective, are recoverable in one action, the statute of limitations begins to run, from the time of the completed erection of the nuisance. This rule, however, is subject to the modification, that when the cause of action is the consequential injury, from an act of erection which is not, in itself, an actionable nuisance, the statute does not begin to run, until the injury is actually inflicted."

In the case of *Lawton* v. *Railway,* 75 S. C. 82, 55 S. E. 128, it was held that the negligent construction and maintenance of an embankment, across a natural stream, by which lands of another are flooded, is continuous in its nature, and an action may be brought for damages to the

land, after six years from its construction, and damages awarded for the six years, before commencing the action. In that case the Court says:

"The vital question in the case is whether the alleged negligent construction of the embankment across the water-course, whereby the plaintiff's lands were overflowed and damaged, was a wrong, continuous in its nature."

And, after reviewing the authorities, the Court proceeded as follows:

"These authorities conclusively show that the alleged wrong was continuous in its nature, and that it was not alone the original negligent construction of the embankment that was capable of giving rise to a right of action."

These authorities show that the motion was properly refused.

Judgment affirmed.