24097

The Rev'd Canon Richard P. McDONNELL, III, D. Min., Appellant v. The CONSOLIDATED SCHOOL DISTRICT OF AIKEN, a body politic and corporate, Respondent.

(445 S.E. (2d) 638)

Supreme Court

---

*Jack D. Simrill,* Hilton Head, *for appellant.*

*William H. Burkhalter, Jr., P.A.,* North Augusta, *for respondent.*

Heard May 4, 1994.

Decided June 13, 1994.

MOORE, Justice:

This is an appeal from an order granting respondent's motion for summary judgment. We affirm.

## FACTS

Prior to December 1989, appellant was employed as a teacher with respondent Consolidated School District of Aiken (District). In November 1989 appellant was suspended and eventually dismissed. On March 17, 1992, appellant contacted the school regarding personal property, videos and other recordings, which he claimed he left in storage and filing cabinets at the school. The school notified appellant that it could not find the property. On November 30, 1992, appellant acting *pro se* filed a complaint against District alleging that since December 1, 1989, it had converted his personal property.[1] Appellant sought $100,000.00 in actual damages and punitive damages. District made a motion to dismiss the complaint through several Rule 12, SCRCP, motions. The trial court dismissed the action with prejudice.

---

[1] The complaint originally named the Aiken County School Board and several of the school's personnel as defendants. The action was amended to name only District.

## ISSUE

Can the statute of limitations defense be raised in a summary judgment motion?

## DISCUSSION

Appellant argues the statute of limitations defense cannot be asserted in a motion for summary judgment.[2] We disagree. Under the Federal Rules of Civil Procedure, the statute of limitations may be considered on a motion for summary judgment. Annotation, *Raising Statute of Limitations by Motion for Summary Judgment,* 61 A.L.R. (2d) 343 (1958 & Supp. 1992); *see also* 54 C.J.S. *Limitations of Actions* § 275 (1987); 51 Am. Jur. (2d) *Limitations of Actions* § 470 (1970). Even a defendant who has not yet filed an answer may be granted summary judgment on the basis of an affirmative defense since Rule 56 provides that the defendant may seek summary judgment at any time. 2A J. Moore, W. Taggart & J. Wicker, *Moore's Federal Practice* ¶8.28 (2d ed. 1985). We now hold a motion for summary judgment can be used to raise the defense of statute of limitations. Accordingly, the order of the trial judge is

Affirmed.

CHANDLER, Acting C.J., FINNEY and TOAL, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

---

[2] Appellant also contends the trial judge erred in granting District's Rule 12 motions to dismiss based on the statute of limitations. If on a motion under 12(b)(6) matters outside the pleadings are presented and not excluded, the motion shall be treated as one for summary judgment. Because the trial judge looked at matters outside of the pleadings, we treat this motion as one for summary judgment.