543 S.E.2d 563

**Thomas J. and Carolyn SILVESTER, Appellants,**

v.

**SPRING VALLEY COUNTRY CLUB, Respondent.**

**No. 3297.**

Court of Appeals of South Carolina.

Heard Oct. 12, 2000.

Decided Feb. 12, 2001.

Rehearing Denied April 9, 2001.

Thomas J. and Carolyn B. Silvester, both of Columbia, pro se.

John E. Cuttino, of Turner, Padget, Graham & Laney, of Columbia, for respondent.

STILWELL, Judge:

Thomas and Carolyn Silvester filed this action against Spring Valley Country Club for damages and injunctive relief for trespass and nuisance. The trial court granted the Club's motion to dismiss the action, finding all claims barred by the statute of limitations. The Silvesters appeal. We affirm in part, reverse in part, and remand.

## FACTS

In 1983, the Silvesters purchased a residence in Spring Valley subdivision. The rear of their lot adjoins a portion of the Club's golf course. Water from the Club's land channels onto the Silvesters' lot, allegedly causing erosion, the deposit of trash, and a potentially hazardous condition due to standing water. The Silvesters maintain this water channels through a man-made ditch, while the Club argues the water channels through a naturally occurring stream. The problem manifested itself shortly after the Silvesters occupied the house in 1984.

The Silvesters brought this action in April 1996. They alleged for a first cause of action a trespass occurring in 1992 when the Club constructed a french drainage system to collect and concentrate surface water, thereby exacerbating the Silvesters' drainage problem. They complain the Club failed to implement a proper storm drainage system to prevent water from taking over their property. The Silvesters argue that even if the Club has an easement to discharge storm water over their land, it has exceeded its rights. For their second cause of action, the Silvesters allege the Club's actions constitute a continuing nuisance affecting the enjoyment of their land.

On June 12, 1998, the Club filed a motion to dismiss the action "pursuant to Rules 41 and/or 56 of the South Carolina Rules of Civil Procedure." In its supporting memorandum, the Club argued the statute of limitations had expired.

The action was called to trial on June 17, 1998, with the Silvesters proceeding *pro se*. Prior to selecting a jury, the court heard the Club's motion to dismiss. During argument on the motion, Mr. Silvester admitted they realized the severity of the water problem by 1991. Mr. Silvester informed the

court they received a copy of an engineering study commissioned by the Club in October or November 1991, but the Silvesters insisted the Club did not follow its own study's recommendations.

Mrs. Silvester argued the action should not be dismissed based on the statute of limitations because it was an ongoing nuisance. She stated if the court dismissed the action, the Silvesters would have to file a new action for the continuing nuisance. The trial judge stated, "You might have to do that." During the colloquy, the trial judge made some remarks which the Silvesters interpreted as being antagonistic toward them as *pro se* litigants.[1]

The trial court granted the motion to dismiss based on the statute of limitations. The Silvesters appeal.

## STANDARD OF REVIEW

The Club filed the motion to dismiss pursuant to Rules 41(b) and 56, SCRCP. Rule 41(b) permits the defendant, "*[a]fter the plaintiff in an action tried by the court without a jury* has completed the presentation of his evidence," to move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. Rule 41(b), SCRCP (emphasis added); *see Johnson v. J.P. Stevens & Co.*, 308 S.C. 116, 118, 417 S.E.2d 527, 529 (1992) (holding Rule 41(b), SCRCP, allows the judge as the trier of facts to weigh the evidence, determine the facts, and render a judgment against the plaintiff at the close of his case if justified).

Rule 56, SCRCP, allows a party to move, with or without supporting affidavits, for summary judgment in his favor. Under the circumstances present here, we conclude the trial court effectively ruled on the motion as if it were a motion for summary judgment under Rule 56. Accordingly, we utilize

---

1. During the colloquy the trial judge said:

   Mrs. Silvester, let me say something.... If you don't want to hire a lawyer, that's fine. But let me tell you what Abraham Lincoln said one time. A man who represents himself has a fool for a lawyer. That was in my Daddy's law office when I was a kid. It's great advice. But if you don't want to hire a lawyer, that's fine. That's your business. If you pay your seventy bucks you can come over here and play this game just like everybody else.

the standard of review governing motions for summary judgment. *See McDonnell v. Consol. Sch. Dist. of Aiken,* 315 S.C. 487, 489, 445 S.E.2d 638, 639 (1994) (holding a motion for summary judgment can be used to raise the defense of statute of limitations).

■ In determining whether summary judgment is proper, this court must view all evidence in the light most favorable to the non-moving party. *Barr v. City of Rock Hill,* 330 S.C. 640, 642, 500 S.E.2d 157, 158 (Ct.App.1998). Summary judgment is appropriate when it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *City of Columbia v. ACLU of South Carolina,* 323 S.C. 384, 386, 475 S.E.2d 747, 748 (1996). In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party. *Id.* Thus, we review the record in the light most favorable to the Silvesters.

## LAW/ANALYSIS

## I.

### Trespass

■ The Silvesters pled trespass as the first cause of action in their complaint. However, at the hearing before the trial court, the continuing nuisance claim was the only issue clearly addressed. Additionally, the Silvesters' appellate brief does not raise as an issue on appeal error on the part of the trial court in granting summary judgment as to the trespass cause of action. Finally, at oral argument the Silvesters only argued the trial court erred in granting summary judgment to the Club on their continuing nuisance claim. We therefore find the grant of summary judgment to the Club on the trespass cause of action is not presented to this court as an issue appropriate for appellate review. *See* Rule 208(b)(1)(B), SCACR (stating "[o]rdinarily, no point will be considered which is not set forth in the statement of the issues on appeal"); *see Larimore v. Carolina Power & Light,* 340 S.C. 438, 443–44, 531 S.E.2d 535, 538 (Ct.App.2000) (noting an issue

not raised to and ruled upon by the trial court is not preserved for appellate review).

## II.

### Nuisance

The Silvesters contend the trial court erred in granting the Club summary judgment on their continuing nuisance cause of action. We agree.

South Carolina follows the common enemy rule which allows a landowner to treat surface water as a common enemy and dispose of it as he sees fit. *Glenn v. Sch. Dist. No. Five of Anderson County,* 294 S.C. 530, 533, 366 S.E.2d 47, 49 (Ct.App.1988). However, an exception to this rule prohibits a landowner from using his land in such a manner as to create a nuisance. *Id.; see Irwin v. Michelin Tire Corp.,* 288 S.C. 221, 224, 341 S.E.2d 783, 784 (1986).

The traditional concept of a nuisance requires a landowner to demonstrate that the defendant unreasonably interfered with his ownership or possession of the land. *See Ravan v. Greenville County,* 315 S.C. 447, 464, 434 S.E.2d 296, 306 (Ct.App.1993). The distinction between trespass and nuisance is that trespass is any intentional invasion of the plaintiff's interest in the exclusive possession of his property, whereas nuisance is a substantial and unreasonable interference with the plaintiff's use and enjoyment of his property. *Id.*

A nuisance may be classified as permanent or continuing in nature. A continuing nuisance is defined as a nuisance that is intermittent or periodical and is described as one which occurs so often that it is said to be continuing although it is not necessarily constant or unceasing. 58 Am.Jur.2d *Nuisances* § 28 (1989). A permanent nuisance may be expected to continue but is presumed to continue permanently, with no possibility of abatement. *Id.* § 27. As to a permanent nuisance, such as a building or a railroad encroaching on a party's land, the injury is fixed and goes to the whole value of the land. *Id.*

When the statute of limitations begins to run hinges on whether a nuisance is classified as permanent or continuing. *Id.* § 26; *see Glenn,* 294 S.C. at 535–36, 366 S.E.2d at 50–51. When the nuisance is permanent in nature and only one cause of action may be brought for damages, the applicable statute of limitations bars the action if not brought within the statutory period after the first actionable injury. 58 Am.Jur.2d *Nuisances* § 307 (1989). When the nuisance is continuing and the injury is abatable, the statute of limitations does not run merely from the original intrusion on the property and cannot be a complete bar. *Id.* Rather, a new statute of limitations begins to run after each separate invasion of the property. *Id.; see Cutchin v. South Carolina Dep't of Highways & Pub. Transp.,* 301 S.C. 35, 37, 389 S.E.2d 646, 648 (1990) (citing *Webb v. Greenwood County,* 229 S.C. 267, 277, 92 S.E.2d 688, 692 (1956) (stating if the injury is permanent, the plaintiff has a single cause of action which cannot be split; however if the cause of the injury is abatable, each injury gives rise to a new cause of action)). A nuisance is continuing if abatement is reasonably and practicably possible. 58 Am. Jur.2d *Nuisances* § 29 (1989).

In discussing the limitations period applicable in a continuing nuisance action, our supreme court has stated:

Since every continuance of a nuisance is a new nuisance, authorizing a fresh action, an action may be brought, for the recovery of all damages, resulting from the continuance of a nuisance, within the statutory period of the statute of limitations, for which no previous recovery has been had, even though the original cause of action is barred, unless the nuisance has been so long continued, as to raise the presumption of a grant, or in case of injury to real property, unless the plaintiff's right of entry is barred. But when the injury is of such a nature, that all the damages resulting therefrom, whether past or prospective, are recoverable in one action, the statute of limitations begins to run, from the time of the completed erection of the nuisance. This rule, however, is subject to the modification, that when the cause of action is the consequential injury, from an act of erection which is not, in itself, an actionable nuisance, the statute does not begin to run, until the injury is actually inflicted.

*Sutton v. Catawba Power Co.,* 104 S.C. 405, 408, 89 S.E. 353, 353 (1916).

In *McCurley v. South Carolina Highway Dep't*, the court stated that if the injury to neighboring lands is caused by negligence, or if the cause is abatable, then there arises a continuing cause of action. 256 S.C. 332, 335, 182 S.E.2d 299, 300 (1971). While the statute of limitations begins to run at the occurrence of the first actual damage, the landowner may at any time recover for injury which occurred within the statutory period. *Id.* Furthermore, although the statute of limitations may bar a nuisance action for damages, it "is not a defense in an action based upon nuisance for injunctive relief since such statutes do not bar the equitable relief of injunction." 58 Am.Jur.2d *Nuisances* § 381 (1989); *see Mack v. Edens,* 306 S.C. 433, 437, 412 S.E.2d 431, 434 (Ct.App.1991) (stating injunctive relief is appropriate for continuous injury to land).

The Silvesters argue water channels from a manmade ditch dug by the Club onto their property. The Club maintains water channeling through a naturally occurring stream passes over a portion of the Silvesters' lot and only "occasionally" overflows their yard. However, Mr. Silvester testified at the hearing "there was an enormous amount of water coming through the property," and Mrs. Silvester stated "our property daily is being damaged." After reviewing the record, we find there exist genuine issues of material fact making summary judgment inappropriate in this case.

The Silvesters alleged a continuing nuisance and requested damages and injunctive relief. The trial court summarily applied the three year statute of limitations to the continuing nuisance cause of action without considering the possibility of abatement, the Club's alleged negligence, or the Silvesters' request for injunctive relief. Viewing the evidence in the light most favorable to the Silvesters, we agree the trial court erred in applying the statute of limitations to their continuing nuisance claim and accordingly reverse the grant of summary judgment on this issue.

## III.

### Bias

The Silvesters lastly argue the trial court erred in granting the Club relief due to his personal bias against *pro se*

litigants. This argument is without merit. "Adverse rulings, even if erroneous, are insufficient to establish a trial judge's bias or prejudice." *Reading v. Ball,* 291 S.C. 492, 494, 354 S.E.2d 397, 398 (Ct.App.1987). In support of their argument, the Silvesters rely on the trial judge's comments at the conclusion of the hearing regarding his advice they obtain an attorney. The trial judge merely related the old adage that "the man who is his own lawyer has a fool for a client." *State v. Owens,* 124 S.C. 220, 223, 117 S.E. 536, 537 (1922). We find no evidence in the record the trial judge's ruling was based on or influenced by any bias against either the Silvesters or *pro se* litigants as a class.

Based on the foregoing, the order on appeal is affirmed as to the dismissal of the trespass cause of action and reversed and remanded as to the nuisance cause of action.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HOWARD and SHULER, JJ., concur.