THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Joseph R. Allsbrook, Jr. and Russell
Allsbrook,        Appellants,
 
 
 

v.

 
 
 
Horry County, A Body Politic, Billy V. Roberts and Roy C. Roberts,       
Respondents.
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2004-UP-285
Submitted April 6, 2004  Filed April 
 30, 2004

AFFIRMED

 
 
 
John R. Clarke, of North Myrtle Beach, for Appellants.
Mark Andrew Brunty and Thomas C. Brittain, both of Myrtle 
 Beach, for Respondents.
 
 
 

PER CURIAM:  Appellants Joseph R. Allsbrook, 
 Jr., and Russell Allsbrook (Allsbrooks) brought this action against Horry County 
 to set aside a tax sale of real property located in Garden City, South Carolina.  
 The Allsbrooks also asserted claims against Billy V. Roberts and Roy C. Roberts 
 for equitable avoidance and breach of fiduciary duty related to the tax sale.  
 The circuit court granted the respondents motion for summary judgment, finding 
 the Allsbrooks claims were barred by the applicable two-year statute of limitations.  
 This appeal followed.  We affirm.
FACTUAL/PROCEDURAL BACKGROUND
Carolyn A. Roberts died in July 1991, leaving a 
 holographic will disposing of her personal and real property, including her 
 half-interests in two Garden City lots.  These lots are at the center of the 
 dispute in this case.  The will devised Mrs. Roberts 50% interest in one of 
 the lots to her brother, Joseph Allsbrook, Jr., and her 50% interest in the 
 other lot to her nephew, Russell Allsbrook.  Mrs. Roberts surviving husband, 
 Billy V. Roberts, was appointed personal representative of the estate.  
As this appeal turns on the application of the 
 statute of limitations, the following timeline is critical:  In April 1993, 
 nearly two years after Mrs. Roberts death, Horry County issued an official 
 Notice of Levy on the Garden City lots for failure to pay property taxes.  Because 
 no one claiming an interest in the lots paid the taxes, a delinquent tax sale 
 was held on October 4, 1993.  Respondent Roy C. Roberts was the successful bidder.  
 In December 1994, Roy Roberts filed the tax deed to the lots in his name.  
The probate hearing for Carolyn Roberts 
 estate was held on June 8, 1995.  At the hearing, Joseph Allsbrook challenged 
 Billy Roberts distribution of several items of Mrs. Roberts personal and real 
 property.  Joseph also argued before the probate judge that Billy Roberts allowed 
 the property in question to be sold for delinquent taxes without notifying the 
 beneficiaries.  Billys attorney noted the probate matter was one to determine 
 the assets of the estate, and if Joseph sought some additional remedy he would 
 need to bring a separate action against Billy.  Josephs attorney agreed that 
 the lots were assets of the estate, and the probate judge then stated, So everyone 
 understands it is clearly an asset of the estate, and there is nothing for me 
 to determine under this [provision].  In its order, the probate court found 
 with respect to the provision on the property in question, the matter is agreed 
 between the parties and the property contained in paragraph 9 is an asset of 
 the estate.  Joseph appealed the probate courts distribution to the circuit 
 court, and later to the Court of Appeals.  This courts final opinion was filed 
 November 8, 2000.  Allsbrook v. Estate of Roberts, Op. No. 2000-UP-509 
 (S.C. Ct. App. Filed Nov. 8, 2000).In regard to the Garden City lots, this court 
 held as follows:

Allsbrook asserts the probate court erred in holding the lots 
 in Garden City, devised in paragraph nine of the will, were assets of the estate.  
 At the hearing, the parties agreed the lots were estate assets. . . . Allsbrook 
 is not aggrieved by this ruling.  See Rule 201(b), SCACR (Only a party 
 aggrieved by an order, judgment or sentence may appeal.).  Therefore we affirm 
 the probate courts disposition of this issue.

Id.
On February 6, 2001, the Allsbrooks filed 
 the present action seeking to set aside the 1993 tax sale of the Garden City 
 lots.  The Allsbrooks alleged Horry County failed to conform to the strict and 
 specific requirements of the statutes governing notice and sale of property 
 to satisfy delinquent taxes.  They further alleged causes of action against 
 Billy Roberts, as personal representative, for breach of fiduciary duty and 
 equitable avoidance stemming from his failure to pay the delinquent taxes on 
 the lots or properly notify the Allsbrooks of the impending tax sale.  On Respondents 
 motions for summary judgment, the circuit court dismissed the Allsbrooks claims, 
 finding they were barred by the two-year statute of limitations prescribed by 
 South Carolina Code § 12-51-160.  
STANDARD OF REVIEW
When reviewing the grant of a summary judgment 
 motion, the appellate court applies the same standard which governs the trial 
 court:  Summary judgment is proper when there is no genuine issue as to any 
 material fact and the moving party is entitled to judgment as a matter of law.  
 Laurens Emergency Med. Specialists v. M.S. Bailey & Sons Bankers, 
 355 S.C. 104, 108-09, 584 S.E.2d 375, 377 (2003); see also McDonnell 
 v. Consol. Sch. Dist. of Aiken, 315 S.C. 487, 489, 445 S.E.2d 638, 639 (1994) 
 (holding a motion for summary judgment can be used to raise the defense of statute 
 of limitations).
LAW/ANALYSIS
I.       Allsbrooks Claim Against Horry County
The Allsbrooks first argue the circuit 
 court erred in granting summary judgment in favor of Horry County on their claim 
 seeking to set aside the tax sale.  We find the circuit court properly ruled 
 this cause of action was barred by the statute of limitations.
South Carolina Code Ann. §§ 12-51-40 and 
 12-51-50 (Supp. 2003) authorize counties to sell the property of taxpayers delinquent 
 in paying their property taxes.  In granting this authority, the Code prescribes 
 the requirements for notice and conduct of the salerequirements that are strictly 
 enforced.  See § 12-51-40 (a)-(f) (notice requirements); § 12-51-50 (conduct 
 of sale requirements); see also Rives v. Bulsa, 325 S.C. 
 287, 292-93, 478 S.E.2d 878, 881 (Ct. App. 1996) (holding all requirements of 
 law leading up to tax sales which are intended for the protection of the taxpayer 
 against surprise or the sacrifice of his property are to be regarded as mandatory 
 and are to be strictly enforced).  If a taxpayer or other interested party desires 
 to challenge the propriety of a county tax sale, suit must be filed within the 
 limitations period prescribed by § 12-51-160 which provides in part:  No action 
 for the recovery of land sold under the provisions of this chapter or for the 
 recovery of the possession may be maintained unless brought within two years 
 from the date of sale.  S.C. Code Ann. § 12-51-160 (2000).
In the present case, the Allsbrooks do 
 not dispute the fact they brought their action to set aside the tax sale over 
 seven years after the date of sale.  Rather, they contend the two-year limitations 
 period of § 12-51-160 was tolled during the pendency of their appeal from the 
 probate courts order on the distribution of the estate.  We disagree.
Though our states courts have not had 
 occasion to consider the narrow question presented, it is well settled in our 
 nations jurisprudence that the pendency of other legal proceedings may toll 
 the statute of limitations on a cause of action where such proceedings prevent 
 enforcement of the remedy by action.  See 54 C.J.S. Limitations of 
 Actions § 121 (1987) (noting that [w]here a person is prevented from exercising 
 his legal remedy by the pendency of legal proceedings, the time during which 
 he is thus prevented should not be counted against him in determining whether 
 limitations have barred his right); 51 Am. Jur. 2d Limitations of Actions 
 § 207 (2000) (noting that [d]uring the period of the restraint incident to 
 other legal proceedings that are of such a character that the law forbids one 
 of the parties to exercise a legal remedy against another, the running of the 
 statute of limitations is postponed, or, if it has commenced to run, is suspended).
In the main, the courts have found that 
 limitations periods are tolled by other pending actions where the pursuit of 
 additional or alternative legal remedies is expressly prohibited by statute.  
 Typically, this situation arises under statutory schemes that require the exhaustion 
 of all administrative remedies before common-law claims seeking redress for 
 the injury are permitted.  See, e.g., Trent v. Bolger, 
 837 F.2d 657, 659-60 (4th Cir. 1988) (holding that when an employee is required 
 to exhaust administrative remedies, applicable limitations period for filing 
 action is tolled pending exhaustion of the administrative channels); Butler 
 v. Glen Oaks Turf, Inc., 196 Ga. App. 98, 101, 395 S.E.2d 277, 280 (1990) 
 (holding that the statute of limitations was tolled on an employees common-law 
 tort claim because she was legally barred from pursuing that claim during the 
 pendency of her workers compensation case).  
In the present case, the ongoing probate 
 action involving the disposition of Mrs. Roberts estate posed no obstacle to 
 the Allsbrooks ability to pursue their remedy under the statute governing county 
 tax sales.  As devisees under the will, their interests in the Garden City lots 
 vested immediately upon her death. S.C. Code Ann. § 62-3-101 (Supp. 2003); see 
 also In re Will of Hall, 318 S.C. 188, 192, 456 S.E.2d 439, 441 
 (Ct. App. 1995) (holding that devisee of life estate under will received her 
 interest in the property the day the testatrix died).  The fact of pending collateral 
 litigation with respect to the distribution of property under the will did not 
 affect the devisees right to pursue their remedies under the tax sale provisions 
 of the Code.  Thus, the two-year limitations period was not tolled during the 
 pendency of the probate action.  Accordingly, we affirm the circuit courts 
 finding that the Allsbrooks action to set aside the tax sale was barred by 
 the statute of limitations.
II.      Allsbrooks Claims Against Billy Roberts 
 and Roy Roberts
The Allsbrooks also appeal the circuit 
 courts dismissal of their causes of action against Billy Roberts and Roy Roberts 
 for equitable avoidance [1] and breach of fiduciary duty.  Under these 
 claims, the Allsbrooks essentially alleged Billy Roberts breached his duty of 
 care as personal representative of the estate by failing to ensure the taxes 
 on the Garden City lots were timely paid, failing to notify the Allsbrooks of 
 the tax arrears and impending tax sale, and failing to inform the Allsbrooks 
 of their right to redeem the property.  These causes of action were dismissed 
 by the circuit court as barred by the statute of limitations under S.C. Code 
 Ann. § 12-51-160.
The Allsbrooks argue it was error for 
 the circuit court to apply the limitations period prescribed under the statutory 
 provisions governing tax sales to their claims for breach of fiduciary duty 
 against Billy Roberts.  Under the undisputed facts of the present case, however, 
 we consider this question to be purely academic as it would have no impact on 
 the result reached by the lower court.  
Even if the court applied the maximum three-year 
 statute of limitations generally applied to breach of fiduciary duty claims, 
 the Allsbrooks claims would still be barred.  A cause of action for breach 
 of fiduciary duty is governed by the discovery rule and must be brought within 
 three years of the time the person knew or should have known by exercise of 
 reasonable diligence that he had a cause of action.  See S.C. Code Ann. 
 §§ 15-3-530(5) and 15-3-535 (Supp. 2003); Rumpf v. Massachusetts Mut. Life 
 Ins. Co., 357 S.C. 386, 394, 593 S.E.2d 183, 187 (Ct. App. 2004).  
In this case, the Allsbrooks knew by June 1995 
 that Billy Roberts allowed the property in question to be sold for delinquent 
 taxes and that Roy Roberts had purchased the property at the tax sale.  Indeed, 
 counsel for Joseph clearly admitted at the June 8, 1995, probate hearing that 
 the Allsbrooks were fully aware of the tax sale and its implications, stating: 

[W]e will submit to the Court 
 documents that one of the parcels of land that is in the Will, was allowed to 
 be sold for taxes through the Horry County Delinquent Tax Collectors office 
 . . . As fiduciary, [Billy Roberts] has the responsibility to protect those 
 assets of the estate during the administration. . . .  I think it is admitted 
 that the property was sold through the delinquent tax office, and was purchased 
 by Roy Roberts . . .  [Billy] Roberts as fiduciary personal representative, 
 never notified any of the beneficiaries of the delinquent tax notice or anything, 
 and they did not have the opportunity to purchase that property at the tax sale 
 or her interest in it, at the tax sale. 

Therefore, actual knowledge of the tax sale can 
 be imputed to the Allsbrooks no later than the date of the probate hearing, 
 nearly six years before they brought the present action in February 2001.  The 
 three-year maximum limitations period of § 15-3-530 was unquestionably exceeded.
We conclude, therefore, that if the circuit 
 court erred by lumping together all of the Allsbrooks claims under the umbrella 
 of § 12-51-160s limitations period, the error is a harmless one.  
CONCLUSION
For these reasons, we find no error with 
 the trial courts finding that all claims of the Allsbrooks were barred by the 
 applicable statute of limitations.  The order granting summary judgment in favor 
 of Respondents is therefore
 AFFIRMED.
HUFF, STILWELL, JJ., and CURETON, A.J., 
 concur.

 
 
 [1] Our research reveals no cases in South Carolina that recognize a cause 
 of action for equitable avoidance.  The allegations under this claim in 
 the Allsbrooks complaint mirror those listed under the breach of fiduciary 
 duty cause of action in all material respects.