614 S.E.2d 652

**EX PARTE: UNITED SERVICES AUTOMOBILE ASSOCIATION Respondent,**

**In Re: Becky Todd Smith and Barry Smith, Appellants,**

v.

**Tracy Lee Moore and Ola A. Moore, Respondents.**

**No. 3977.**

Court of Appeals of South Carolina.

Heard Jan. 10, 2005.

Decided April 18, 2005.

Rehearing Denied June 22, 2005.

Steven M. Krause and Daniel L. Draisen, both of Anderson, for Appellants.

David L. Moore, Jr., of Greenville, for Respondents.

HEARN, C.J.

This appeal stems from a tort action Becky Todd Smith brought against Tracy Lee Moore pursuant to a car accident between the two parties. United Services Automobile Association (USAA), the insurance carrier for Becky Todd Smith and Barry Smith, moved to be dismissed from the case, arguing that Becky Todd Smith, who was listed as an "operator" on the declarations page but was not the named insured, could not stack underinsured motorist (UIM) coverage. The trial court granted USAA's motion. We affirm.

## FACTS

The automobile accident that prompted this litigation occurred in September of 2000 in Oconee County. A vehicle owned by Ola A. Moore and operated by Tracy Lee Moore turned left in front of a vehicle operated by Becky Todd Smith. The Smiths brought an action against the Moores for injuries and damages resulting from the accident.

Tracy Lee Moore's liability is undisputed. Her vehicle was insured by Farm Bureau Mutual Insurance Company, which tendered the liability limits on its policy and is not a subject of this appeal.[1] The vehicle Becky Todd Smith was driving was insured by USAA under a policy issued to Betty Gillispie Washnok, who owned the vehicle. Smith was driving the vehicle with Washnok's permission.

Washnok treated Smith as if she were her daughter and served as her guardian, though it is unclear whether a legal adoption ever took place. At the time of the accident, however, Smith no longer resided with Washnok.

Washnok owned two vehicles, both of which were insured through USAA. Although Washnok was the named insured,

---

1. Litigation remains pending on the issue of excess liability coverage available to the Moores in a separate declaratory judgment action.

Smith was listed as an "operator." The term "operator" is not defined in the policy.

Because Smith was driving the vehicle with Washnok's permission, she was entitled to UIM coverage as a permissive user. USAA paid one level of UIM benefits under a covenant not to execute. Smith's injuries were extensive, however, and the damages she incurred exceeded the first level of UIM benefits. Thus, Smith sought to stack UIM coverage from Washnok's other vehicle.

USAA moved to be dismissed from the case, arguing that Smith was not a Class I insured, and therefore was not entitled to stack UIM coverage. After a hearing, the trial court granted USAA's motion. This appeal followed.

## STANDARD OF REVIEW

Rule 41(b), SCRCP, allows a defendant to move for dismissal in cases tried without a jury on the ground that "upon the facts and the law the plaintiff has shown no right to relief." *See Silvester v. Spring Valley Country Club,* 344 S.C. 280, 284, 543 S.E.2d 563, 565 (Ct.App.2001). Because a dismissal under these circumstances has the same effect as summary judgment, the standard for summary judgment applies. *Id.* at 284–85, 543 S.E.2d at 566.

"Summary judgment is appropriate when it is clear there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law." *Id.* at 285, 543 S.E.2d at 566. In ruling on a motion for summary judgment, this court must view all evidence in the light most favorable to the non-moving party. *Id.*

## LAW/ANALYSIS

At issue in this case is whether an insured who is listed on the policy as an "operator" can stack UIM coverage. In South Carolina, only Class I insureds can stack coverage. *Concrete Servs., Inc. v. U.S. Fid. & Guar. Co.,* 331 S.C. 506, 509, 498 S.E.2d 865, 866 (1998). Class I insureds include the named insured and his or her spouse and relatives residing in the same household. *Id.* Class II insureds are those using the insured vehicle with permission of the named insured and guests. *Id.*

Smith was not the named insured or the named insured's spouse; nor does she does qualify as a resident relative. Although the pleadings refer to Smith as Washnok's adopted daughter, it is undisputed that Smith did not reside in the same household as Washnok at the time of the accident.

■ The Smiths' argument is essentially that USAA's inclusion of Smith as an "operator" on the declarations page of the policy created an ambiguity as to whether she was a named insured and such an ambiguity should be resolved in favor of coverage. No cases in South Carolina have addressed this question to date.

Courts in some states have found in favor of coverage in similar situations. The leading case is *Lehrhoff v. Aetna Cas. & Sur. Co.*, 271 N.J.Super. 340, 638 A.2d 889 (App.Div.1994). In *Lehrhoff*, the court found that the insured was entitled to uninsured motorist coverage because of his inclusion on the declarations page as a driver of the insured vehicle. *Id.* at 892. Rhode Island followed suit, concluding that "the listing of drivers' names on the declarations page, without more, gives rise to an ambiguity in respect to whether such drivers are in fact covered under the terms of a policy." *Mallane v. Holyoke Mut. Ins. Co.*, 658 A.2d 18, 20 (R.I.1995).

■ These cases, however, relied on the doctrine of reasonable expectations. *See Lehrhoff*, 638 A.2d at 892 ("[W]e are . . . convinced that reasonable expectations of coverage raised by the declaration page cannot be contradicted by the policy's boilerplate . . . ."); *Mallane*, 658 A.2d at 21 (quoting the above language from *Lehrhoff* in reliance). The doctrine of reasonable expectations, which is essentially that the objectively reasonable expectations of insureds as to coverage will be honored even though a careful review of the terms of the policy would have shown otherwise, has been rejected in South Carolina. *Allstate Ins. Co. v. Mangum*, 299 S.C. 226, 231–32, 383 S.E.2d 464, 466–67 (Ct.App.1989). Moreover, the *Mallane* court recognized that its holding was a minority position. *Mallane*, 658 A.2d at 21.

Additionally, neither *Lehrhoff* nor *Mallane* dealt with stacking. The issue in both cases was whether boilerplate provisions in the policy could be used to defeat uninsured motorist coverage provided under the policy. *Lehrhoff*, 638 A.2d at 889, 892; *Mallane*, 658 A.2d at 20. In the case *sub judice*,

USAA has already paid the UIM coverage for the car involved in the accident, and the issue is whether Smith is entitled to additional UIM coverage from Washnok's second car.

The majority view is that listing a driver on the declarations page of an insurance policy does not make that person a named insured. In *Georgia Farm Bureau Mut. Ins. Co. v. Wilkerson*, 250 Ga.App. 100, 549 S.E.2d 740 (2001), the Georgia Court of Appeals held that although neither "named insured" nor "driver" were defined in the insurance policy, the policy was not ambiguous. *Id.* at 742. Therefore, the person listed as a driver in the insurance policy was not allowed to stack coverage. Likewise, the North Carolina Court of Appeals has held that "driver" and "named insured" are not synonymous because such a construction would expand the term "named insured" beyond its common sense meaning. *Nationwide Mut. Ins. Co. v. Williams*, 123 N.C.App. 103, 472 S.E.2d 220, 222 (1996). The court went on to hold that a "driver" was not a Class I insured. *Id.* Other courts have agreed. *See Millspaugh v. Ross*, 645 N.E.2d 14 (Ind.Ct.App. 1994) (holding that being named a "principal driver" does not create an ambiguity and does not transform one into a named insured); *Kitmirides v. Middlesex Mut. Assurance Co.*, 65 Conn.App. 729, 783 A.2d 1079 (2001) (rejecting *Lehrhoff* and *Mallane* and finding no ambiguity, and ultimately holding that a listed driver is not a named insured); *Fed. Kemper Ins. Co. v. Schneider*, 58 Md.App. 690, 474 A.2d 224 (1984) (holding that adding a driver to a policy does not make him a named insured); *see also* 7 *Couch on Insurance* § 110:1 ("[O]ne listed in the policy, but only in the status of a driver of a vehicle, is not a named insured despite the fact that such person's name was physically in the policy.").

■ Furthermore, even though "operator" is not defined in the policy, the policy is not ambiguous. Where a term is not defined in a policy, it is to be "defined according to the usual understanding of the term's significance to the ordinary person." *Mfrs. and Merchants Mut. Ins. Co. v. Harvey*, 330 S.C. 152, 158, 498 S.E.2d 222, 225 (Ct.App.1998). The term "operator" has been construed somewhat more expansively than "driver" in this state, but has not been contemplated to extend beyond mere use of the vehicle. *State v. Graves*, 269 S.C. 356, 237 S.E.2d 584 (1977) (explaining that the term "operator" is broader than the term "driver" because it includes acts such

as starting the engine or "manipulating the mechanical or electrical agencies of a vehicle"). In addition, the policy defines "you" and "your" as "the 'named insured' shown in the declarations." The only person listed in the "Named Insured" box on the declarations page was Washnok. Thus, we see no ambiguity.

■ We therefore adopt the majority view and hold that listing an individual as an operator on the declarations page of an insurance policy does not make that individual a named insured. Because Smith was not the named insured (or the named insured's spouse or resident relative), but was only using the vehicle with Washnok's permission, she is a Class II insured, and as such, she is not entitled to stack coverage.

Based on the foregoing, the order of the trial judge is hereby

**AFFIRMED.**

GOOLSBY and WILLIAMS, JJ., concur.