THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jason H.
 Parker, Appellant,
 v.
 R. David Plexico,
 Ronald Plexico, and Karl Waschkolup are, Defendants,
 Of Whom Ronald
 Plexico is, Respondent.
 
 
 

Appeal From York County
 S. Jackson Kimball, III, Special Circuit
 Court Judge
Unpublished Opinion No. 2008-UP-327
Submitted May 1, 2008  Filed June 27,
 2008    
AFFIRMED

 
 
 
 Ivan N. Walters, of Rock Hill, for Appellant.
 Joshua B. Vann, and Lucy L. McDow, both of Rock Hill, for
 Respondent.
 
 
 

PER CURIAM: In
 this trespass action, Jason Parker appeals the trial courts grant of summary
 judgment in favor of Ronald Plexico.  Specifically, Parker argues the trial
 court erred in finding dams Plexico constructed were not a continuing trespass
 and Parkers claim was barred by the statute of limitations.  We affirm.[1] 
FACTS
Plexico owned property located on Lake Wylie. He observed stream drainage from the neighboring property entering his
 property.  Over time, the steam drainage caused his land to erode. 
 He received permission from the owner of the neighboring property to construct
 two retention ponds and dams (collectively, the dams), which were completed
 by 1990.  Ten years later, Plexicos son, David, purchased the Lake Wylie property.
In June 2002, Parker acquired the neighboring property as
 co-tenant with his father.  Parker later acquired his fathers interest and
 began developing the property.  Parker attempted to obtain permits but
 halted development because of conflicting positions regarding the dams taken by
 the Army Corps of Engineers, York County, and Duke Energy Corporation.  Consequently,
 Parker brought an action against Plexico seeking damages for civil conspiracy
 and a continuing trespass caused by the dam construction.  In response,
 Plexico filed a motion for summary judgment asserting: (1) Parker has no claim
 for trespass because he did not own the property at the time the dams were constructed;
 (2) Parker is barred from proceeding on his claim under the statute of
 limitations; and (3) Parker has no evidence of a civil conspiracy to prevent
 the removal of the dams on his property.
The trial court granted Plexicos motion, finding the dams
 constitute a permanent, one-time alteration of the property, and any injury in
 regard to them occurred at the time they were constructed.  The trial court
 also found Plexico could not have had intent to harm or damage Parker when the
 dams were constructed because Parker did not own the property at that time. 
 Further, the trial court concluded Parkers claim was barred by the statute of
 limitations.  Thereafter, Parker filed a motion to alter or amend judgment,
 which the trial court denied.  This appeal followed. 
STANDARD OF REVIEW
Summary judgment is
 proper when no genuine issue exists as to any material fact and the moving
 party is entitled to judgment as a matter of law.  Rule 56(c), SCRCP; Hurst v. E. Coast Hockey League, Inc., 371 S.C. 33, 36, 637 S.E.2d 560, 561
 (2006).  On appeal from a grant of summary judgment, the appellate court
 applies the same standard governing the trial court.  Id.  In determining whether any triable issues of fact
 exist, the evidence and all reasonable inferences drawn therefrom must be
 viewed in the light most favorable to the non-moving party.  Law v. S.C.
 Dept of Corr., 368 S.C. 424, 434, 629 S.E.2d 642, 648 (2006).  A court considering summary judgment neither makes factual
 determinations nor considers the merits of competing testimony; however,
 summary judgment is completely appropriate when a properly supported motion
 sets forth facts that remain undisputed or are contested in a deficient manner.  David v. McLeod Regl Med. Ctr., 367 S.C. 242, 250, 626 S.E.2d 1,
 5 (2006). 
LAW/ANALYSIS
I.  Continuing Trespass
Parker
 contends the trial court erred in finding the dams constructed by Plexico were
 not a continuing trespass.[2]  We disagree.
Trespass
 is defined as any intentional invasion of the plaintiffs interest in the
 exclusive possession of his property.  Hedgepath v. Am. Tel. & Tel. Co.,
 348 S.C. 340, 357, 559 S.E.2d 327, 337 (Ct. App. 2001).  Thus, actual or
 constructive possession by the plaintiff at the time of the trespass is a
 necessary element to maintain an action for trespass.  Daniels v. Coleman, 253 S.C. 218, 229, 169 S.E.2d 593, 598 (1969).  Accordingly,
 a purchaser who acquires title after the act of trespass has no action for
 trespass, unless his title is retrospective in nature and dates back to the
 time of the trespass.  75 Am. Jur. 2d Trespass § 29 (2007).  However, an
 exception exists when a trespass is continuing and has not ceased by the time
 the purchaser acquires title to the property.  Id. 
A
 continuing trespass is intermittent or periodical and occurs so often it is
 said to be continuing, although it is not necessarily constant or unceasing.  Silvester
 v. Spring Valley Country Club, 344 S.C. 280, 286, 543 S.E.2d 563, 566 (Ct.
 App. 2001).  Typically, a trespass is continuing if
 abatement is reasonably and practically possible.  Id. at 287, 543
 S.E.2d at 567.  On the contrary, a permanent
 trespass may be expected to continue but is presumed to continue permanently,
 with no possibility of abatement.  Id. at 286, 543 S.E.2d at 566-67.  When a permanent trespass has occurred, the injury is fixed
 and goes to the whole value of the land.  Id., 543 S.E.2d at 567.  
In
 the present case, Parker misconstrues the nature of the dams constructed by
 Plexico as a continuing trespass.  Even assuming the dams were wrongfully
 constructed, the dams represent the damage caused by the trespass, not the
 trespass itself.[3]  As noted by the trial
 court, The dams are not a continuing inference with Parkers possession; they
 represent damage to the land of which he now has undisputed exclusive
 possession.  Furthermore, removal of the dams would not abate any repeated
 intrusion upon Parkers property; rather, removal would simply eliminate the
 offending condition.[4]  Because the record
 reflects no new occurrence of injury after Parkers purchase of the property,
 Plexico did not commit a continuing trespass.  Accordingly, the trial court did
 not err in refusing to submit Parkers continuing trespass cause of action to
 the jury.  
II.  Statute of Limitations
Parker
 further maintains the trial court erred in finding his claim was barred by the statute
 of limitations.  We disagree.
In order to attack Plexicos statute of limitations defense, Parker
 seeks to characterize his property damage claim as a continuing trespass.  When
 a trespass is permanent and only one cause of action may be brought for
 damages, the statute of limitations bars the action if it is not brought within
 the statutory period after the first actionable injury.  Hedgepath,
 348 S.C. at 357, 559 S.E.2d at 337.  However,
 when the trespass is characterized as continuing, the expiration of the
 limitations period after the first actionable injury does not effect a complete
 bar as each new injury gives rise to a new cause of action and a landowner may
 at any time recover for an injury to his land which occurred within the statutory
 period.  Id. at 358, 559 S.E.2d at 337.
As previously noted, we find the dams constitute a permanent
 trespass as opposed to a continuing trespass.  Indeed, Parkers claim is premised entirely on the
 construction of the dams and not any continued operation, use, or recurring
 activity by Plexico.  Thus, under settled precedent, the statute of limitations
 has run as to the trespass of which the dams are a remaining condition.  See S.C. Code Ann. §
 15-3-530(3) (2005) (requiring a plaintiff bringing a cause of action for
 trespass to file suit within three years from when the cause of action arose).  Therefore, the trial court did not err in granting summary judgment to
 Plexico under the statute of limitations. 
CONCLUSION
Based
 on the foregoing, we find the trial court did not err in granting Plexicos motion for summary
 judgment.  Accordingly, the decision of
 the trial court is 
AFFIRMED. 
HEARN, C.J., and
 SHORT and KONDUROS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] Parker asserts the trial court improperly relied on
 nuisance and inverse condemnation jurisprudence in deciding if the dams were a
 permanent or continuing trespass.  This court has previously utilized these
 types of cases in analyzing continuing trespass situations. See Knight v. Waggoner, 359 S.C. 492, 496, 597 S.E.2d 894, 896 (Ct. App. 2004); Whitfield
 Constr. Co. v. Bank of Tokyo Trust Co., 338 S.C. 207, 218, 525 S.E.2d
 888, 894 (Ct. App. 1999).  Accordingly, we find no error in the trial
 courts reliance.
[3] Contrary to Parkers contention, the record does not demonstrate
 an unauthorized entry upon his property; the only evidence indicates the
 previous landowner authorized Plexicos entry onto Parkers property.
[4] Parker argues this court should treat the abatability
 of the dams as a factual issue and remand for a jury determination of whether
 the dams are removable.  However, because Parker failed to raise this argument
 to the trial court, it is not preserved for our review.  See In re Michael H., 360 S.C.
 540, 546, 602 S.E.2d 729, 732 (2004) (An issue may not be
 raised for the first time on appeal.  In order to preserve an issue for appeal,
 it must be raised to and ruled upon by the trial court.).