**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Vista Investments, LLC, Appellant,

v.

Tompkins & McMaster, LLP and John Gregg McMaster, Jr., Respondents.

Appellate Case No. 2013-001385

———————

Appeal From Richland County
L. Casey Manning, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-451
Submitted May 1, 2015 – Filed September 9, 2015

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

W. Duvall Spruill, of Turner Padget Graham & Laney, PA, of Columbia, for Appellant.

———————

**PER CURIAM:** Vista Investments, LLC (Vista) appeals the circuit court's order denying its motion for default judgment and granting summary judgment to Tompkins & McMaster, LLP (Law Firm) and John Gregg McMaster, Jr. (John), (collectively, Respondents), arguing the circuit court erred in (1) finding Respondents were not in default when they filed a motion for summary judgment

instead of an answer or motion to dismiss and (2) applying collateral estoppel and res judicata to bar Vista's action. We affirm in part, reverse in part, and remand.

Initially, we find the circuit court correctly denied Vista's motion for default judgment. "The decision whether to set aside an entry of default or a default judgment lies solely within the sound discretion of the trial [court]." *Stark Truss Co. v. Superior Constr. Corp.*, 360 S.C. 503, 508, 602 S.E.2d 99, 101 (Ct. App. 2004). "This decision will not be reversed absent an abuse of that discretion." *Id.* "An abuse of discretion occurs when the order was controlled by an error of law or when the order is without evidentiary support." *Id.* at 508, 602 S.E.2d at 101-02. Specifically, we find Respondents' filing of a motion for summary judgment was sufficient to withstand default under the South Carolina Rules of Civil Procedure. *See* Rule 55(a), SCRCP ("When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend as provided by these rules* and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default upon the calendar (file book)." (emphasis added)); *see also McDonnell v. Consol. Sch. Dist. of Aiken*, 315 S.C. 487, 489, 445 S.E.2d 638, 639 (1994) ("Even a defendant who has not yet filed an answer may be granted summary judgment on the basis of an affirmative defense since Rule 56 provides that the defendant may seek summary judgment at any time.").

However, we find the circuit court erred in granting Respondents' summary judgment motion based on collateral estoppel. "Collateral estoppel occurs when a party in a second action seeks to preclude a party from relitigating an issue which was decided in a previous action." *Catawba Indian Nation v. State*, 407 S.C. 526, 536, 756 S.E.2d 900, 906 (2014) (internal quotation marks omitted). "Stated another way, [t]he party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id.* at 536-37, 756 S.E.2d at 906 (alteration by court) (internal quotation marks omitted). Here, we find the issue concerning the allegedly fraudulent transfer was not "actually litigated" during the breach of lease action. First, confessions of judgment are not considered to have been actually litigated. *See* Restatement (Second) of Judgments § 27 cmt. e (1982) ("In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated."); *see also Kunst v. Loree*, 404 S.C. 649, 656, 746 S.E.2d 360, 363 (Ct. App. 2013) ("South Carolina courts have consistently followed the Restatement (Second) of Judgments with regard to the issue of collateral estoppel."). Second, the supplemental proceedings were merely a remedy for Vista to discern whether

additional property existed to satisfy its judgment, and no issues regarding the allegedly fraudulent transfer were ruled upon. *See* S.C. Code Ann. § 15-39-350 (2005) ("After the issuing or return of an execution against property of the judgment debtor . . . and upon an affidavit that any person or corporation has property of such judgment debtor . . . the [trial court] may by an order require such person or corporation, or any officer or member thereof, to appear . . . and answer concerning such property or indebtedness."); *see also Biltrite Bldg. Co. v. Adams*, 193 S.C. 142, 152, 7 S.E.2d 857, 861 (1940) ("[T]he ruling purpose behind [the predecessor to section 15-39-350] and the remedy of discovery is to assist and promote the administration of public justice in courts." (internal quotation marks omitted)). Accordingly, we hold the circuit court erred in granting summary judgment to Respondents based on collateral estoppel.

Additionally, we find the circuit court erred in granting summary judgment based on res judicata. "The doctrine of res judicata provides that final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Venture Eng'g, Inc. v. Tishman Constr. Corp. of S.C.*, 360 S.C. 156, 162, 600 S.E.2d 547, 550 (Ct. App. 2004) (internal quotation marks omitted). "Res judicata may be applied if (1) the identities of the parties are the same as in the prior litigation, (2) the subject matter is the same as in the prior litigation, and (3) there was a prior adjudication of the issue by a court of competent jurisdiction." *Catawba*, 407 S.C. at 538, 756 S.E.2d at 907. Here, the parties were not the same in both actions. *See Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 212, 493 S.E.2d 826, 832 (1997) ("For a claim to be barred by the doctrine of res judicata, identity of parties is necessary."). Notably, John was not a party to the breach of lease lawsuit. Further, John's role as a partner in Law Firm was not sufficient to place him in privity with Law Firm. *See Wade v. Berkeley Cnty.*, 330 S.C. 311, 317, 498 S.E.2d 684, 687 (Ct. App. 1998) ("One not a party to a prior action can be precluded from relitigating the issue only if he is in privity with a party to the prior action against whom an adverse finding is made."). John's only relation to the subject matter of the breach of lease lawsuit was as a partner of Law Firm who faced no personal liability during the action. *See id.* ("Privity deals with a person's relationship to the subject matter of the previous litigation, not to the relationships between entities."); *see also Roberts v. Recovery Bureau, Inc.*, 316 S.C. 492, 496, 450 S.E.2d 616, 619 (Ct. App. 1994) ("One in privity is one whose legal interests were litigated in the

former proceeding.").  Accordingly, we hold the circuit court also erred in granting summary judgment based on res judicata.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.