## 23020

Michael SNELGROVE, Appellant v. Leesa R. Nanney LANHAM, also all other persons unknown, claiming any right, title, estate, interest in or lien upon the real estate described in the complaint, Respondents.

(379 S. E. (2d) 904)

Supreme Court

*Jim S. Brooks*, Spartanburg, *for appellant.*

*Claude R. Dunbar*, Spartanburg, *for respondents.*

Submitted Feb. 20, 1989.

Decided May 30, 1989.

CHANDLER, Justice:

---

This is an appeal from a Master-in-Equity's order[1] setting aside a tax deed to Appellant Michael Snelgrove (Snelgrove) for a lot owned by Respondent Leesa R. Nanney Lanham (Lanham). We affirm.

## FACTS

Lanham, unmarried and living in Decatur, Georgia, acquired the lot in 1975 from her Mother (Mother). The deed was not recorded until April, 1981, by which time Lanham had married and moved to Alpharetta, Georgia. In the Spring of 1982, Lanham notified the County Treasurer of her married name and new address.

In December, 1982, Mother conveyed to Lanham an adjacent lot, the deed reflecting Lanham's married name and her Alpharetta, Georgia address. After the deed was recorded, the two lots were combined on County tax records as one parcel listed under Lanham's married name.

From 1975 until 1981 Mother paid all property taxes on the lot. Although Lanham requested a tax notice from the County Treasurer, none was received for 1982 and, as a result, the property taxes were not paid.

In April, 1983, the County Tax Collector mailed a notice of delinquent 1982 taxes to Lanham at her former address in Decatur, Georgia. The notice was returned unclaimed.

The Tax Collector then proceeded to seize and sell the lot at public auction. Snelgrove, the highest bidder, received a deed for the property in April, 1985.

Snelgrove later commenced this action to clear title to the tax deed; Lanham counterclaimed that the deed was invalid for noncompliance with applicable statutes. The Master-in-Equity agreed with Lanham and set aside the tax deed.

## ISSUE

The sole issue is whether the Master-in-Equity erred in holding that S. C. Code Ann. § 12-51-40 (1976)[2] was not complied with.

---

[1] The action was referred to the Master for entry of final judgment, with direct appeal to this Court.

[2] This statute was revised by Act No. 166 of 1985, effective after the dates pertinent to this appeal. *See* S. C. Code Ann. § 12-51-40 (Supp. 1988).

## DISCUSSION

The Master found that the Tax Collector's failure to send the notice of delinquent property taxes to the "more correct address known" constituted a material violation of § 12-51-40(a). We agree.

The undisputed record reflects that Lanham notified the County Treasurer of her new name and change of address, information additionally placed on the recorded deed to the adjacent lot. Finally, a portion of this updated information was entered on the County tax records at the time the two lots were combined as one parcel. Notwithstanding these facts, the Tax Collector directed the notice to Lanham's former address.

Affirmed.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.