572 S.E.2d 264

Tracy O. TROUSDELL, Appellant,

v.

Al CANNON, Jr., as Sheriff of Charleston County, Respondent.

No. 25540.

Supreme Court of South Carolina.

Heard July 23, 2002.
Decided Oct. 14, 2002.
Rehearing Denied Dec. 3, 2002.

Johnny F. Driggers, of Charleston, and Daryl G. Hawkins, of Lewis, Babcock & Hawkins, of Columbia, for appellant.

Alexia Pittas–Giroux, of Stuckey Law Offices, L.L.C., of Charleston, for respondent.

Andrew F. Lindemann, of Davidson, Morrison and Lindemann, P.A., of Columbia, for Amicus Curiae South Carolina

Municipal Association and South Carolina Police Chiefs Association.

Chief Justice TOAL:

The circuit court granted Al Cannon Jr.'s ("Respondent") motion for summary judgment and Tracy O. Trousdell ("Appellant") appeals.

## FACTUAL/PROCEDURAL BACKGROUND

Appellant was employed as a highway patrolman for the South Carolina Department of Public Safety. On October 16, 1998, Appellant attempted to pull over a speeding vehicle by turning on his blue lights, wig-wags, and emergency flashers. The offending driver did not pull over and a chase ensued. As he approached the North Charleston city limits, Appellant advised his dispatcher to notify the North Charleston Police Department of the pursuit, but did not request any assistance. Although Appellant did not request it, officers from the North Charleston police department and from the Charleston County Sheriff's Department joined in the chase behind Appellant.

At some point, the offending vehicle began slowing down and eventually came to a complete stop. Before Appellant's cruiser reached a complete stop, the Sheriff's Department's cruiser, driven by Deputy William J. Collins, hit Appellant from behind. Appellant suffered injuries as a result.

Appellant received workers' compensation benefits, including an award of permanent disability, and is no longer employed as a highway patrolman. Appellant sued the Charleston County Sheriff's Department (amended to Al Cannon, Jr., in his capacity as Sheriff). Respondent moved for summary judgment and Appellant moved for partial summary judgment. Special Circuit Court Judge Roger M. Young granted Respondent's motion for summary judgment and denied Appellant's motion for partial summary judgment.

Appellant appeals the following issue:

Did the trial judge err in granting summary judgment for Respondent on grounds that the Fireman's Rule [1] barred Appellant's suit?

---

1. The Fireman's Rule is referred to interchangeably as the Firefighter's Rule or the Rescuer's Rule.

## Law/Analysis

Appellant argues that the trial judge erred in finding that South Carolina recognizes the Fireman's Rule, and that it applied to bar Appellant's suit. We agree.

 In determining whether summary judgment is proper, this Court must view all evidence in the light most favorable to the non-moving party. *Silvester v. Spring Valley Country Club*, 344 S.C. 280, 543 S.E.2d 563 (Ct.App.2001). Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* (citing *City of Columbia v. ACLU of South Carolina*, 323 S.C. 384, 475 S.E.2d 747 (1996)).

This Court has considered the viability of the Fireman's Rule in South Carolina very recently. In *Jeffery Minnich v. Med–Waste, Inc., and Incendere, Inc.*, 349 S.C. 567, 564 S.E.2d 98 (2002) [2], we accepted the following certified question from the United States District Court:

Does the Fireman's Rule bar an emergency professional, such as a firefighter, police officer, or public safety officer, who is injured as a result of performing his or her duties, from recovering tort based damages from the party whose negligence caused the injury-causing event?

Justice Pleicones, writing for the majority, expressed the holding as follows:

South Carolina has never recognized the firefighter's rule, and we find it is not part of this state's common law. (citations omitted). In our view, the tort law of this state adequately addresses negligence claims brought against non-employer tortfeasors arising out of injuries incurred by firefighters and police officers during the discharge of their duties. We are not persuaded by any of those courts that recognize the firefighter's rule. The more sound public policy—and the one we adopt—is to decline to promulgate a rule singling out police officers and firefighters for discriminatory treatment.

---

**2.** Minnich was employed by the Medical University of South Carolina ("MUSC") as a public safety officer. Minnich routinely assisted in loading medical waste onto a tractor trailer owned by Med–Waste, Inc. parked at MUSC, and was injured one day when he had to jump inside the truck to prevent it from rolling into a public street.

▮▮▮ It is clear from this Court's recent decision in *Minnich* that the Fireman's Rule is not recognized in South Carolina. Accordingly, the trial judge in this case erred to the extent he based his ruling on the Fireman's Rule.[3] The trial judge found Appellant's action was precluded under the Fireman's Rule, but he made some conclusions that cloud his ruling and necessitate further analysis. In part, the order states:

> It then follows that the fireman's rule is still good law in South Carolina despite the adoption of the comparative negligence system which bars assumption of the risk as a complete defense. Following this reasoning to its logical conclusion, the fireman's rule does *not* preclude the plaintiff in this case from recovering for his injuries because he assumed the risks which caused his own negligence to exceed that of the defendant. If that were the theoretical basis it would be a jury's duty to assess the degree of fault. Rather, the fireman's rule *precludes* the plaintiff from recovering in this case because he cannot show, as a matter of law, that the defendant owed him a duty of care. Since the defendant's duty of care was only to the general public, he does not owe a duty of care to his fellow officers, and thus cannot be found negligent as a matter of law.

(citations omitted). In finding that Respondent did not owe a duty to Appellant, the trial judge cited several cases addressing the "public duty rule" for support.[4] The parties did not

---

3. Further, many jurisdictions that recognize the Fireman's Rule would find it does *not* apply under the circumstances presented in this case where the injuries were not caused by the negligence that necessitated the presence of the police officer (the fleeing suspect), but by an intervening negligent act. *E.g. Garcia v. City of South Tucson*, 131 Ariz. 315, 640 P.2d 1117 (Ct.App.1982) (finding negligent shooting of one officer by an officer of a different department to be an intervening act, as it was not the act that occasioned the presence of the injured officer). Moreover, the Fireman's Rule was not created in order to insulate government entities from suit, but to insulate private entities, such as home or business owners, from suit by the fireman when injured in the course of duty on that person's property. *See Minnich.*

4. The trial judge cited *Arthurs* and the following cases in a footnote, but never mentioned the public duty rule explicitly in his order: *Tanner v. Florence Co. Treasurer, et. al.,* 336 S.C. 552, 521 S.E.2d 153 (1999); *Jensen v. Anderson County Dep't of Soc. Servs.,* 304 S.C. 195, 403 S.E.2d

address the application of the public duty rule in the memoranda they submitted to the trial court. In our opinion, the trial judge's indirect reference to the public duty rule and conclusion that Respondent did not owe Appellant any duty were misplaced.

In *Arthurs v. Aiken County*, this Court considered the public duty rule and its interplay with the South Carolina Tort Claims Act ("Tort Claims Act").[5] 346 S.C. 97, 551 S.E.2d 579 (2001). *Arthurs* confirmed the continuing viability of the public duty rule and its compatibility with the Tort Claims Act, but clarified when the public duty rule is properly raised. *Id.* In this Court's words, "[w]hen, and only when, the plaintiff relies upon a *statute* as creating the duty does a doctrine known as the 'public duty rule' come into play." *Id.* at 103, 551 S.E.2d at 582 (emphasis added). In other words, when the plaintiff's negligence claim is founded upon a government entity's statutorily created duty, the question of "whether that duty will support the claim should be analyzed under the rule. On the other hand, where the duty relied upon is based upon the common law, ... then the existence of that duty is analyzed as it would be were the defendant a private entity." *Id.* at 105, 551 S.E.2d at 583 (citations omitted).

Appellant in this case did not allege a violation of a statutory duty as the basis for his negligence claim. Rather, Appellant's allegations centered around violation of duties of care created by the common law, such as exercising reasonable caution. Generally, the public duty rule is invoked in cases where the duty is created by statute and would not otherwise exist. *See Arthurs* (alleging breach of duty created by criminal domestic violence statute, S.C.Code Ann. § 16–25–10 to 80 (Supp.1994)); *Tanner v. Florence County Treasurer*, 336 S.C. 552, 521 S.E.2d 153 (1999) (alleging breach of duty created by statutory provision requiring notice to delinquent taxpayers, S.C.Code Ann. § 12–51–140 (Supp.1998)). The duty to exercise reasonable care when operating a motor

---

615 (1991). After the order was issued, this Court heard *Arthurs v. Aiken County*, 346 S.C. 97, 551 S.E.2d 579 (2001).

5. S.C.Code Ann. §§ 15–78–10, *et. seq.* (Supp.2001). This Act defines the parameters of tort liability for governmental agencies in South Carolina.

vehicle is not statutory; it is owed from all individuals to all other individuals. *See* S.C.Code Ann. § 56–5–760(A) & (D) (Supp.2002). Therefore, we find the public duty rule is not implicated in this case.

■ Although the trial judge did not address whether Respondent was immune from suit under the Tort Claims Act in his order, we note that it would not bar Appellant's suit. The Tort Claims Act abrogated South Carolina's sovereign immunity, making this state's governmental entities liable for their torts "in the same manner and to the same extent as ... private individual[s] ..., subject to the limitations upon liability and damages, contained herein." S.C.Code Ann. § 15–78–40. Section 15–78–60 contains specific exceptions to the waiver of immunity, and the circumstances presented in this case are not included.[6] Appellant's action against Respondent does not fall within any of the listed exemptions. Therefore, Respondent is not immune from suit.

## CONCLUSION

Based on the foregoing, we hold the Fireman's Rule is not recognized in South Carolina, and, therefore, that the trial court erred in finding it barred Respondent's suit. Accordingly, we **REVERSE** the grant of summary judgment for Respondent and **REMAND** for further proceedings in accord with this opinion.

MOORE, WALLER, BURNETT, JJ., and Acting Justice GEORGE T. GREGORY, Jr., concur.

---

6. Appellant points out that section 15–78–60(19) excludes activities of the South Carolina National Guard while engaged in training on duty, but limits that exemption to activities other than vehicular accidents. The National Guard does not have immunity from suit for vehicular accidents occurring during active training duty. If the General Assembly intended to create immunity for police officers for their vehicular accidents, it would have made an exemption from liability for them. The public policy concerns presented by the Amicus Curiae, therefore, may be best addressed by the General Assembly.