598 S.E.2d 728

**Woodrow Wilson BROWN, Appellant,**

v.

**Joseph Wilson BROWN and Town of Harleyville, Respondents.**

**No. 3827.**

Court of Appeals of South Carolina.

Submitted April 6, 2004.

Decided June 21, 2004.

8

Helen Tyler McFadden, of Kingstree, for appellant.

Christy Stephens, of Walterboro, for respondents.

STILWELL, J.:

Woodrow Brown brought this action against Joseph Wilson Brown and the Town of Harleyville alleging negligence by a

police officer resulting in injury to Woodrow. The trial court granted summary judgment in favor of the town. We affirm.[1]

## FACTS

Officer McKee of the Harleyville Police Department stopped Earl Felder's car after he noticed Felder driving in an erratic manner. Woodrow, his brother Joseph, and another young man were all traveling as passengers in the car. While speaking with Felder, the officer smelled alcohol on his breath and required him to perform several field sobriety tests. Felder performed marginally well indicating that, although he had consumed alcohol, he did not lack control of his functions, nor was he fully impaired. The men insisted they lived at an address less than one mile from the stop site and promised to go straight home. Officer McKee did not issue a citation but determined one of the passengers should drive the car.

When asked by the officer whether any of the passengers could drive, Joseph volunteered. Joseph was allowed to drive only after he satisfactorily completed the same battery of field sobriety tests given to Felder. The men assured the officer they would go straight home.

As an added precaution, Officer McKee followed the car to observe Joseph's driving. The officer testified that Joseph was not driving erratically or unsafely. He finally turned around and resumed his patrol once the car reached the town limit of Harleyville.

Rather than driving home as promised, the men waited until the patrol car was out of sight and reversed course and began driving to a party. Sometime before reaching the party, Joseph ran off the road and into a tree. Woodrow, along with other passengers, suffered minor injuries. When the highway patrol arrived they discovered Joseph was not a licensed driver. He was issued tickets for driving without a license, no insurance, driving too fast for conditions, and failing to wear a safety belt. No citation was issued for DUI.

Two years after the accident, Woodrow brought this action asserting claims for common law negligence against Joseph

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

and negligence against the town for 1) failing to properly train and supervise its officers; 2) failing to properly require officers to provide for health and safety on the roadway; 3) failing to charge Felder with DUI; 4) choosing Joseph, an unlicensed driver, to operate the vehicle; and 5) violations of statutes and the common law of South Carolina. The trial court granted the town's motion for summary judgment, finding the public duty rule applied and as such Woodrow failed to establish a duty owed to him individually by Officer McKee. Additionally, the court concluded Woodrow produced no evidence of any special undertaking by the officer that would create an exception to the rule.

## DISCUSSION

When we review the trial court's grant of a motion for summary judgment, we apply the same standard that governs the trial courts. Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we review the evidence and all inferences reasonably drawn from it in the light most favorable to the nonmoving party. Rule 56(c) SCRCP; *Osborne v. Adams,* 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).

Woodrow claims the trial court incorrectly applied the public duty rule without first determining whether the officer properly exercised his discretion under S.C.Code Ann. § 15–78–60 (Supp.2003). We disagree.

Woodrow's complaint alleges general acts of negligence without basing those allegations on any specific statutory authority. Rather, he claims only generally that the town violated state statutes and common law. The trial court granted summary judgment based upon the public duty rule. The public duty rule is only implicated when a plaintiff relies upon a statute as creating a duty. *See Trousdell v. Cannon,* 351 S.C. 636, 641, 572 S.E.2d 264, 266–267 (2002); *Arthurs v. Aiken County,* 346 S.C. 97, 103, 551 S.E.2d 579, 582 (2001) (holding when and only when the plaintiff relies upon a statute as creating the duty does the public duty rule come into play). Under the public duty rule, a statute prescribing the duties of a public officer does not, without more, impose on him a duty

of care toward individual members of the public in the performance of his duties. *See Rayfield v. South Carolina Dep't of Corr.*, 297 S.C. 95, 105, 374 S.E.2d 910, 915–16 (Ct.App. 1988).

To the extent Woodrow relies on violations of a statute or statutes, we agree with the trial court his claims are barred by the public duty rule. We note the code sections corresponding to Woodrow's claims merely recite in broad terms when circumstances make it unlawful to operate a motor vehicle, procedures surrounding incidents of possible DUI or, as in the case of the latter section, the general licensing requirement for motorists. None of the statutes implicated by Woodrow's claims identify any particular class of victims or any particular harm that would create a special duty exception to the general rule. *See Rayfield*, 297 S.C. at 106, 374 S.E.2d at 916. *See also Jensen v. Anderson County Dep't of Soc. Servs.*, 304 S.C. 195, 200, 403 S.E.2d 615, 617 (1991) (wherein the supreme court adopted this court's six step special duty analysis as an exception to the public duty rule). We conclude the duty, if any, created by the statutes in question is owed to the public at large and not to Woodrow individually.

Woodrow's complaint also included negligence claims based on Officer McKee's decision to choose Joseph as the replacement driver and alleged failure by the town to properly train and supervise its police officers. Neither of these claims is based on statutory duties. Therefore, they are not barred by the public duty rule. *See Arthurs*, 346 S.C. at 103, 551 S.E.2d at 582 (2001). However, the town raised the affirmative defense of immunity based upon the tort claims act and in particular S.C.Code Ann. §§ 15–78–60(4), (5), (20), (25) (Supp. 2003) in its motion for summary judgment. We agree that Woodrow's remaining claims are barred by the act.[2]

■■ S.C.Code Ann. § 15–78–60 carves out exceptions to the limited waiver of governmental immunity established by the tort claims act, including discretionary immunity that arises when a government employee's decision is within the discretion or judgment allowed. *See* S.C.Code Ann. § 15–78–60(5)

2. Though we recognize the trial court's order was silent on this issue, on appeal this court may affirm on any ground contained in the record. *See* Rule 220(c), SCACR.

12

(Supp.2003). Officer McKee was faced with the choice of issuing a DUI citation, requiring the passengers to find another way home and have the car towed, or selecting another driver after determining whether that individual was fit to drive. He chose Joseph to drive after he volunteered and satisfactorily completed field sobriety tests. Woodrow admitted in his affidavit that Joseph was in a better condition to drive than he. The other passenger expressly refused to drive.

Major Neil Baxley, a police-training instructor, stated in his affidavit that Officer McKee operated pursuant to accepted practices of law enforcement in South Carolina and was not required to arrest Felder. Major Baxley opined Officer McKee was entitled to use his discretion to best remedy the situation. Viewing the evidence in the light most favorable to Woodrow, we find Officer McKee's selection of Joseph was a considered, discretionary judgment. As such, the town is immune to Woodrow's negligence claim under section 15–78–60(5) of the tort claims act. *See Clark v. South Carolina Dep't of Pub. Safety*, 353 S.C. 291, 304, 578 S.E.2d 16, 22 (Ct.App. 2002) (stating the requirements necessary to establish discretionary immunity under the tort claims act).

Finally, Woodrow alleges the town failed to properly train and supervise its police officers. There is no evidence in the record to support this claim beyond Woodrow's allegations in his affidavit that, in his opinion, Officer McKee was not following standard law enforcement procedures when he made the discretionary judgment to allow Joseph to drive instead of arresting Felder and impounding the car. As we have already determined that the officer's decision met the requirements to establish discretionary immunity under the tort claims act, we conclude the town is likewise immune from this claim pursuant to section 15–78–60(5).

**AFFIRMED.**

HUFF, J., and CURETON, A.J., concur.