THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Laura Johnson Young and Eldon Johnson Thomas, Respondents,
 v.
 Eldora J. Lock, Sam Erskine Johnson, Pearlie Mae Johnson Gray, Brenda Johnson Downs, 
 Milford Anthony Johnson, Helen Johnson Evans, Herbert J. Goodjoins, Jr., Amy Johnson 
 Bivens, Helen Bruce Johnson a/k/a Helen Bruce Johnson Goodjoins, Billy Johnson, Melvin 
 Douglas Johnson, Barbara Johnson, as Personal Representative of the Estate of Minnie 
 Johnson, Jr., David V. Johnson, Brenda Lee Johnson McCarroll, Elizabeth M. Johnson a/k/a 
 Michelle Johnson Sullivan, Eldon Ann Thompson a/k/a Eldon J. Thomas, Karetha Johnson, 
 Carol J. Johnson, Calvin Boyd Johnson, Jr., Della Clark Johnson, Laura Johnson Young, 
 and all other persons whose identity is unknown who claim any right, title, or interest 
 under or through any of the above named Defendants as heirs, devisees or creditors, all 
 such persons being designated as a class John Doe, and all such persons being under a 
 legal disability or in the Armed Services of the United States of America being designated 
 as a class Richard Roe, Defendants,
 of whom Eldon Ann Thompson, a/k/a Eldon J. Thomas, and Barbara Johnson, as 
 Personal Representative of the Estate of Minnie Johnson, Jr., are the Appellants.
 
 
 

Appeal From Laurens County
W. Reid Cox, Jr., Special Referee 

Unpublished Opinion No. 2007-UP-202
Submitted April 2, 2007  Filed May 4, 2007    

AFFIRMED

 
 
 
 LaKeabian D. Shaw, of Fountain Inn, for Appellants.
 James E. Bryan, Jr. and Thomas J. Thompson, both of Laurens, for Respondents.
 
 
 

PER CURIAM:  Laura Johnson Young (Respondent Young) and Eldon Johnson Thomas (Appellant Thomas) originally brought this partition action as plaintiffs seeking the sale of real property.  An Order for Default was entered and the matter was transferred to a special referee, who ordered the property to be sold after finding it could not be divided in kind.  Appellant Thomas belatedly tried to oppose the partition by sale, arguing the property could, instead, be divided in kind, and she attempted to change her  position from a plaintiff to a defendant.  Appellant Thomas has now joined with one of the defendants, Minnie Johnson, Jr. (Appellant Johnson), and together Appellants challenge the orders of the referee.[1]  We affirm.[2]  
FACTS
This partition action involves two tracts of property located in Laurens County, South Carolina.  Tract One is approximately five acres; Tract Two is 70.4 acres.  The property was acquired in the 1950s by Minnie Johnson, Sr. and his wife, Pearlie Mae Johnson.  The parties to this action are their descendants.  Respondent Young and Appellant Thomas are two of their daughters, and Appellant Johnson is one of their sons.
Minnie Johnson, Sr. died intestate on July 25, 1983, leaving as his heirs at law his wife, eleven living children, and a predeceased son who was survived by three children.  Upon her husbands death, Pearlie Mae Johnson owned a two-thirds interest in the two tracts and the remaining interest was held in various proportions by their eleven living children and the three children of their deceased son.    
On February 18, 1993, Pearlie Mae Johnson died testate, specifically devising her interest in a residence and the five-acre Tract One to Respondent Young, subject to a life estate to be held by one of Pearlie Maes grandsons as long as he met certain terms and conditions.  These terms and conditions were not met, however, and this circumstance, along with other factors, caused the ownership of both tracts of land to come into question.[3]  
On January 25, 2005, Respondent Young and Appellant Thomas filed this partition action.  They alleged the property could not be divided in kind and requested a judicial sale instead, with the proceeds to be divided among the parties according to their ownership interests.  A circuit court judge appointed a guardian ad litem to represent the interests of the unknown defendants, designated as John Doe and Richard Roe.        
Five months later, an Order for Default was filed on June 29, 2005 after none of the defendants responded to the complaint.  On the same date, an Order of Reference was issued, transferring the action to a referee.      
The referee held a hearing on October 10, 2005 attended by Respondent Young (as plaintiff) and several defendants, including Appellant Johnson.  Appellant Thomas, the other named plaintiff in the action, did not attend the hearing.  Before the decision to sell the property was formally made, however, the referee discovered the unknown defendants, John Doe and Richard Roe, could not be located for proper service, and the referee ordered service by publication in a ruling dated October 10, 2005.[4]  Issuance of the final order was delayed until service was completed.  
In the meantime, a dispute arose between Respondent Young and Appellant Thomas concerning the feasibility of dividing the subject property.  On October 16, 2005, Appellant Thomas notified her attorneys, who also represented Respondent Young, that she no longer wished to be represented by them.    
Appellant Thomas retained new counsel and belatedly joined with her brother, Appellant Johnson (a named defendant), in asking the court not to sell the property.  Specifically, on November 10, 2005, Appellants filed an Answer and Counterclaim opposing a sale of the property and seeking, instead, a partition in kind.  On the same day, LaKeabian D. Shaw filed a Notice of Representation, stating she now represented Appellants.    Appellant Johnson had not previously filed an answer to the complaint in this action, and this filing came more than four months after the filing of the Order for Default and a month after his attendance at the merits hearing.  In addition, no court order was requested or obtained by Appellant Thomas authorizing the substitution of counsel or the alteration of her status as a plaintiff.  On December 8, 2005, Appellants also filed an Amended Answer and Counterclaim.  The primary difference between the two versions is that the amended pleading asserted service of process was insufficient as to Appellant Thomas.    
On December 14, 2005, the special referee issued his formal, written ruling in the matter determining the interests of the parties and ordering a sale of both Tract One and Tract Two.  The same day, Appellant Thomas prepared an Amended Complaint, requesting the dismissal of the complaint pursued by Respondent Young.  She also requested a partition in kind, asserting the property could be divided and should not be sold.  It is not clear from the record whether the Amended Complaint was ever served.
The referee thereafter issued an order on December 16, 2005, finding the filing of subsequent pleadings, specifically the Answer and Counterclaim and the Amended Answer and Counterclaim, was improper.  The referee stated all of the named defendants in this action had either accepted service of the original pleadings or were personally served, and the unknown defendants were served by publication.  In addition, Appellant Thomas was one of the two named plaintiffs when the action commenced and she still remained a plaintiff until removed by order of the court, so she could not file responsive pleadings as a defendant.  The referee stated Appellant Thomas could not litigate this action by being both a plaintiff and a defendant.  Since Appellant Thomas was and remained a plaintiff, there was no requirement that she be served with the pleadings, and Appellant Johnson was duly served and was in default and therefore he could not now file responsive pleadings.  This appeal followed.
STANDARD OF REVIEW
A partition action is an equitable action heard by a judge alone; therefore, upon review an appellate court may find facts in accordance with its own view of the preponderance of the evidence.  Anderson v. Anderson, 299 S.C. 110, 113, 382 S.E.2d 897, 899 (1989).  While this permits us a broad scope of review, we do not, however, disregard the findings of the special referee, who saw and heard the witnesses and was in a better position to evaluate their credibility.  See, e.g., Klutts Resort Realty, Inc. v. DownRound Dev. Corp., 268 S.C. 80, 91, 232 S.E.2d 20, 26 (1977).
LAW/ANALYSIS
I.  Amended Complaint  
Appellants first contend the referee erred in not allowing Appellant Thomas to amend her complaint.  
Rule 15(a), SCRCP outlines the following procedure for amending a pleading:

 A party may amend his pleading once as a matter of course at any time before or within 30 days after a responsive pleading is served . . . .  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party . . . .

A motion to amend is addressed to the sound discretion of the trial judge, and the party opposing the motion has the burden of establishing prejudice.  Kelly v. S.C. Farm Bureau Mut. Ins. Co., 316 S.C. 319, 323, 450 S.E.2d 59, 61 (Ct. App. 1994).  The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it.  Pool v. Pool, 329 S.C. 324, 328-29, 494 S.E.2d 820, 823 (1998), quoted in Tanner v. Florence County Treasurer, 336 S.C. 552, 559, 521 S.E.2d 153, 156 (1999).
Appellants contend Appellant Thomass Amended Complaint dated December 14, 2005 should have been allowed because it was allegedly filed less than thirty days after a responsive pleading was filed.  On November 10, 2005, Appellants jointly filed an Answer and Counterclaim asserting the subject property could be equitably divided among the parties and should not be sold.  They filed an Amended Answer and Counterclaim on December 8, 2005.  When these responsive pleadings were filed, however, Appellant Johnson was already in default and Appellant Thomas was still one of the two named plaintiffs in the case.  Therefore, the responsive pleadings Appellants now rely on were improper on their face.
While Rule 21, SCRCP does permit an existing plaintiff to become a defendant, this change generally must be accomplished by motion served on the opposing parties and approved by court order.  Appellant Thomass Amended Complaint may have been allowed only pursuant to a motion to amend, which was never filed.  Consequently, there can be no error in this regard.[5]
II. Answer and Counterclaim 
Appellants next contend the referee erred in dismissing the Answer and Counterclaim filed by Appellant Minnie Johnson, Jr.  They argue the pleading was timely because the Order for Default was obtained based on an affidavit that incorrectly stated all of the defendants had been served and the pleading was filed before the completion of service by publication.
In declining to allow the belated filing of responsive pleadings, the referee concluded Appellant Johnson was duly and legally served with the pleadings and was in default when the matter was heard and therefore [he] cannot now file responsive pleadings.  We find no error in the referees determination.  
The complaint in this case was filed with the Clerk of the Laurens County Court on January 25, 2005.  The Order for Default was filed on June 29, 2005.  Appellant Johnson attended the hearing on the merits in this matter on October 10, 2005; however, he did not attempt to file responsive pleadings in the case until November 10, 2005, which was a month after the hearing in the matter, more than four months after the filing of the Order for Default, and nearly ten months after the filing of the original complaint.    
In her brief, Respondent Young admits there was an error in the original affidavit requesting the entry of default to the extent it stated all defendants had been served when in fact, all of the named defendants had been served, but the unknown defendants had not been served by publication.  In light of this circumstance, the referee did not issue his final order until service by publication addressed to the unknown defendants was completed.    
The record contains an affidavit of service from a process server stating Appellant Johnson was served with a copy of the complaint on April 30, 2005.  The referee specifically found in his final order filed December 14, 2005 that Appellant Johnson had been personally served with the [complaint].  Accordingly, we find no error in the referees determination that Appellant Johnson failed to file a responsive pleading in this case for more than thirty days after receiving service of the complaint.  Appellant Johnson was, therefore, in default when he belatedly filed his responsive pleading in November 2005, and the referee did not err in excluding the pleading on the basis it was untimely.  
III. Ethical Violations of Counsel 
Appellants assert they should be relieved from the orders of the special referee due to the fact that counsel for Respondent Young also represented Appellant Thomas in this matter now on appeal.  They argue Respondent Young and Appellant Thomas had competing interests because Respondent Young sought a partition by sale on the basis a partition in kind was not possible, whereas Appellant Thomas disagreed and desired a partition in kind.  Appellants contend counsels representation violated the Rules of Professional Conduct, particularly Rule 1.9(a) of Rule 407, SCACR, which states:  A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that persons interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.  
This issue has not been preserved for our review as there is no evidence in the record that the issue was ever both raised to and ruled on by the special referee; rather, it appears to be asserted for the first time on appeal.  See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.).  This court is not the appropriate forum to either institute a disciplinary matter or allege a new civil action.  
IV. Order of Reference  
Appellants lastly assert the Order of Reference should be set aside because the order was entered before the unknown defendants John Doe and Richard Roe were served by publication.  
This allegation was not preserved for our review.  Appellants did not assert this issue before the referee and have raised it for the first time on appeal.  In fact, Appellant Thomas was still maintaining her status as a plaintiff at the time the Order of Reference was issued and it was actually her attorney who moved for the default judgment and the Order of Reference that she now, belatedly, seeks to invalidate.  See Wilder Corp., 330 S.C. at 76, 497 S.E.2d at 733 (holding an issue that is not both raised to and ruled upon by the trial court is not preserved for appeal).  
AFFIRMED.
 HEARN, C.J., GOOLSBY and STILWELL, JJ., concur.

[1]  Appellant Johnson died while this appeal was pending and a personal representative appears on his behalf.  For simplicity, we shall refer to Appellant Johnson directly as the party.
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[3] Pearlie Mae Johnsons will provided one of her grandsons, Herbert J. Goodjoins, Jr., was to have the residence and Tract One for use during his lifetime as long as he occupied the property, maintained adequate insurance coverage, paid the taxes, and kept the property in good repair.  The will further provided if Goodjoins failed to abide by these terms and conditions, died, or no longer desired to live on the property, Pearlie Mae Johnsons interest in the home and Tract One was to be transferred to Respondent Young in fee simple.  The referee found Goodjoins failed to maintain the property as required by the will, resulting in Pearlie Mae Johnsons interest going to Respondent Young in fee simple.  We note Goodjoinss last name also appears in the record as Goodjohn, but the former version appears in the captions of the orders on appeal so it is retained here.    
[4]  Service by publication was completed on October 26, 2005.    
[5]  There is a question, moreover, regarding whether the referee expressly ruled on this issue.  In his order of December 16, 2005 the referee found Appellants belated filing of an Answer and Counterclaim and an Amended Answer and Counterclaim was improper.  The referee did not specifically discuss Appellant Thomass Amended Complaint.  Counsel for Appellants sent a letter to the referee asking him to amend the December 16, 2005 order to rule on this issue, but there is nothing further in the record on this point.  In any event, there is no merit to this issue because there is no indication in the record that Appellant Thomas timely moved for permission to file the Amended Complaint as required by the South Carolina Rules of Civil Procedure.