**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

| | |
|---|---|
| Fred Ulfers, individually and as the named personal representative/executor and the sole devisee under the last will and testament of Yvonne Ulfers, | Respondent, |
| v. | |
| Henry S. Capers; Suzanna Davis, in her capacity as Delinquent Tax Collector for Dorchester County; Wachovia Bank; National Association, a National Banking Association; W. Garth Holmes; and Northwest Bank Minnesota, N.A., as Trustee under Agreement Dated September 1, 1997, for Southern Pacific Secured Assets Corp., Mortgage Loan Asset-Backed Pass Through Certificates, Series 1997-3, a national banking association, | Defendants, |
| Of whom Henry S. Capers is | Appellant, |

Of whom Suzanna Davis, as
Delinquent Tax Collector for
Dorchester County, is also          Respondent.

_____

Appeal From Dorchester County
Patrick R. Watts, Master-in-Equity

_____

Unpublished Opinion No. 2012-UP-389
Heard April 5, 2012 – Filed June 27, 2012

_____

**REVERSED**

_____

Stephen L. Brown, William L. Howard, Christine K.
Toporek, and Russell G. Hines, all of Charleston, for
Appellant.

Andrew T. Shepherd and John G. Frampton, both of
Summerville, for Respondent Suzanna Davis.

Charles M. Feeley, of Summerville, for Respondent
Fred Ulfers.

**PER CURIAM:** In this appeal of an order to quiet a tax title to real property in Dorchester County, South Carolina, the master-in-equity ordered that fee simple title to the subject property be confirmed in Respondent Fred Ulfers, who with his now deceased wife, Yvonne Ulfers, purchased the property at a tax sale in 2004. Henry S. Capers, the record owner of the subject property until the filing of the tax deed, appeals. We reverse.

Capers has operated a business on the subject property since he purchased it in 1989. In 2004, as a result of Capers' failure to pay the 2003 taxes on the property, the Dorchester County Treasurer issued an execution to Suzanna Davis, the Delinquent Tax Collector for Dorchester County. The taxes remained unpaid, and the property was sold at a public tax sale on October 4, 2004, to the Ulfers.

Capers did not redeem the property, so in January 2006 Davis executed and delivered a tax title conveying the property to the Ulfers, who filed the deed and commenced this action seeking to quiet their title to the subject property and other relief. Capers answered in February 2008, denying the material allegations of the complaint and counterclaiming to have the tax sale set aside on numerous grounds, including his assertion that certain statutorily required procedures in conjunction with the levy and sale were not followed. Yvonne Ulfers died after commencement of the lawsuit, and Fred Ulfers obtained leave of court to amend the complaint to reflect his status as her personal representative and sole devisee. Davis, in her capacity as the Delinquent Tax Collector for Dorchester County, was also made a party to this action.

After a bench trial in the matter, the master quieted and confirmed title to the subject property in Ulfers, terminated Capers' interest in the property, and dismissed Davis with prejudice. Following an unsuccessful attempt to alter or amend the judgment, Capers filed this appeal.

1. We first note the controversy before us involves equitable matters. See Fox v. Moultrie, 379 S.C. 609, 613, 666 S.E.2d 915, 917 (2008) ("An action to quiet title is one in equity."); Folk v. Thomas, 344 S.C. 77, 80, 543 S.E.2d 556, 557 (2001) ("An action to set aside a tax deed is in equity."). Hence, our standard of review allows us to determine facts according to our own view of the preponderance of the evidence, subject to the caveat that we are not required to disregard factual findings by the master, who saw and heard the witnesses and was therefore in a better position to assess their credibility and demeanor. King v. James, 388 S.C. 16, 24, 694 S.E.2d 35, 39 (Ct. App. 2010).

2. Among the required procedures that Capers maintained were not followed was the first notice of delinquent property taxes pursuant to South Carolina Code section 12-51-40(a) (Supp. 2011).[1]  Capers disputes the master's statement that Davis mailed the first notice to him strictly according to the requirements of section 12-51-40(a), arguing no evidence in the record supported this finding.  We agree.  Davis testified her office did not handle the mailing of the notice to Capers, but instead relied on an outside contractor.  No representative of the contractor testified during the hearing.  Furthermore, the contractor worked from a delinquent taxpayer list that Davis did not compile.  Davis did not have the list when she testified, nor could she produce a copy of the letter that she claimed was mailed to Capers.  Davis further conceded she had no way of verifying whether the letter purportedly sent to Capers contained the language required by section 12-51-40(a).  We therefore hold the master erred in finding that Davis complied with section 12-51-40(a).  In so holding, we do not take issue with the master's assessment of Davis's credibility; rather, our conclusion that the finding was in error is based on Davis's admitted lack of personal knowledge relating to the mailing of this statutorily required notice and the failure to call a witness who could have provided this information.

3. The South Carolina Supreme Court has stated that "[a]ll requirements of law leading up to tax sales are intended for the protection of the taxpayer against surprise or the sacrifice of his property and are regarded as mandatory and are strictly enforced."  Tanner v. Florence Cnty. Treasurer, 336 S.C. 552, 563, 521 S.E.2d 153, 158-59 (1999).  "Failure to give the required notice is a fundamental defect in the tax proceedings which renders the proceedings absolutely void."  Id. at 563, 521 S.E.2d at 159 (citing Donohue v. Ward, 298 S.C. 75, 78, 378 S.E.2d 261, 265 (Ct. App. 1989)).  Similarly, the failure to prove compliance with the mailing requirement imposed by section 12-51-40(a) renders the proceedings at issue in this appeal void, and the master erred in refusing to set aside the tax sale.

---

[1]  Subsection 12-51-40(a) has not been changed since 2000; therefore, the cited version was in effect when the tax sale took place and when this matter was pending before the master.

4. The master further held that because Capers filed his counterclaim after two years had passed from the date of the tax sale, he was time-barred by section 12-51-160 of the South Carolina Code (Supp. 2011) from attempting to recover his property. Capers argues this ruling was error for several reasons, among them, that no party had raised the statute of limitations as an affirmative defense to this action as required by Rule 8(c), SCRCP. We agree with this argument. Although it has been noted that section 12-51-160 "appears to operate as a statute of repose," within the same opinion this court has expressly declined to rule as to whether or not it should be treated as such. Corbin v. Carlin, 366 S.C. 187, 192 n.2, 620 S.E.2d 745, 748 n.2 (Ct. App. 2005). Moreover, in a decision issued after the briefs in this matter were filed, this court applied section 12-51-160 as a statute of limitations, discussing at some length the policy behind such statutes. King, 388 S.C. at 26, 694 S.E.2d at 40. We see no reason to depart from this view, considering the severity of the forfeiture at issue in this appeal, and therefore hold the master should not have invoked section 12-51-160 when neither Ulfers nor Davis raised it as an affirmative defense.

5. Capers argued several other grounds for setting aside the tax sale, including deficiencies in the tax title issued to Ulfers, inadequate proof that Davis followed the statutory requirements for advertising the property for the tax sale, concerns about the language in the second required notice, and assorted equitable concerns. Because, however, we have held that proof of the first notice was inadequate and that this inadequacy alone warranted setting aside the tax sale, we do not address Capers' other grounds. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591 (1999) (declining to address additional issues when the court's decision on one issue is dispositive of the appeal).

**REVERSED.**

**FEW, C.J., and THOMAS and KONDUROS, JJ., concur.**